**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-4368**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAMES MONTEZ WOODLEY,

Defendant - Appellant.

**No. 21-4370**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAMES MONTEZ WOODLEY,

Defendant - Appellant.

Appeals from the United States District Court for the Eastern District of North Carolina, at Raleigh.  W. Earl Britt, Senior District Judge.  (5:20-cr-00182-BR-1; 4:13-cr-00011-BR-1)

Submitted:  August 29, 2022                    Decided:  September 13, 2022

Before DIAZ and RICHARDSON, Circuit Judges, and FLOYD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF**: G. Alan DuBois, Federal Public Defender, Eric Joseph Brignac, Chief Appellate Attorney, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Joshua L. Rogers, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Montez Woodley pled guilty, pursuant to a plea agreement, to distribution of heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and the district court sentenced him to 87 months' imprisonment. Due to his new criminal conduct, the court also revoked Woodley's supervised release relating to a prior conviction and sentenced him to a consecutive, below-policy-statement-range term of 18-months' imprisonment. In No. 21-4370, Woodley appeals his revocation sentence, arguing that the district court's decision to impose a revocation sentence to run consecutively to his 87-month sentence was plainly unreasonable in light of the fact that his criminal conduct was motivated by a desire to help his mother avoid foreclosure of her home.[*] We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release. [We] will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *United States v. Patterson*, 957 F.3d 426, 436 (4th Cir. 2020). Before deciding "whether a revocation sentence is plainly unreasonable, [we] must . . . determine whether the sentence is procedurally or substantively unreasonable," *id.*, evaluating "the same procedural and substantive considerations that guide our review of original sentences" but taking "a more deferential appellate posture than we do when reviewing original sentences," *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015) (cleaned up). "Only if a sentence is either procedurally or substantively

---

[*] Woodley does not challenge on appeal the underlying judgment in No. 21-4368 relating to his guilty plea to distribution of heroin and 87-month sentence.

3

unreasonable is a determination then made as to whether the sentence is plainly unreasonable—that is, whether the unreasonableness is clear or obvious." *Patterson*, 957 F.3d at 437 (internal quotation marks omitted).

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors." *United States v. Coston*, 964 F.3d 289, 297 (4th Cir. 2020) (internal quotation marks omitted); *see* 18 U.S.C. § 3583(e) (listing applicable factors). "[A]lthough the court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, it still must provide a statement of reasons for the sentence imposed." *United States v. Slappy*, 872 F.3d 202, 208 (4th Cir. 2017) (cleaned up). Accordingly, the court "must address the parties' nonfrivolous arguments in favor of a particular sentence, and if the court rejects those arguments, it must explain why in a detailed-enough manner that [we] can meaningfully consider the procedural reasonableness of the revocation sentence." *Id.* An explanation is sufficient if we can determine "that the sentencing court considered the applicable sentencing factors with regard to the particular defendant before it and also considered any potentially meritorious arguments raised by the parties with regard to sentencing." *United States v. Gibbs*, 897 F.3d 199, 204 (4th Cir. 2018) (cleaned up).

We "may not guess at the district court's rationale, searching the record for statements by the Government or defense counsel or for any other clues that might explain a sentence." *United States v. Ross*, 912 F.3d 740, 745 (4th Cir. 2019) (internal quotation

4

marks omitted).  Nor can we "assume that a sentencing court truly considered a defendant's nonfrivolous arguments or his individual characteristics when the record fails to make it patently obvious."  *United States v. Blue*, 877 F.3d 513, 521 (4th Cir. 2017) (internal quotation marks omitted).  But "[t]he context surrounding a district court's explanation may imbue it with enough content for us to evaluate both whether the court considered the [applicable] § 3553(a) factors and whether it did so properly."  *United States v. Montes-Pineda*, 445 F.3d 375, 381 (4th Cir. 2006).

We conclude that Woodley's revocation sentence is procedurally and substantively reasonable.  The district court considered the relevant statutory factors, evaluated Woodley's mitigation arguments, and gave sufficiently detailed reasons for selecting the imposed sentence.  Additionally, in deciding to run Woodley's revocation sentence consecutively to his 87-month sentence, the district court followed the nonbinding recommendation of the applicable policy statement.  U.S. Sentencing Guidelines Manual § 7B1.3(f), p.s. (2018).  Considering the totality of the circumstances, we conclude that Woodley has failed to rebut the presumption of reasonableness accorded his below-policy-statement-range sentence.

Accordingly, we affirm the district court's judgments.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

5